# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS HUTCHINGS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | No. 3:16-cv-1034 (SRU) |

## ORDER

On June 26, 2016, the petitioner, Douglas Hutchings, filed a filed a placeholder version of a motion to vacate, set aside, or correct his sentence in light of the holding in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), which struck down the Residual Clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 942(e), and which he argued would also strike down parallel provisions in the Career Offender guideline under which he was sentenced, U.S.S.G. § 4B1.2(a)(2). (doc. 1) On March 13, 2017, following the Supreme Court's ruling in *Beckles v. United States*, 580 U.S. __, 135 S. Ct. 2928 (2017), Hutchings filed an amended petition. *See* 2d Am. Pet. (doc. 16). The government argues in opposition that Hutchings' petition is barred by section 2255's one-year statute of limitations. I agree; accordingly, Hutchings' petition is **denied**.

On March 21, 2012, Hutchings was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). *See United States v. Hutchings*, 3:12-cr-56 (SRU) (D. Conn.) (doc. 1). On August 6, 2012, Hutchings entered a guilty plea to that charge, and on February 5, 2013, he was sentenced to 108 months' imprisonment followed by three years of supervised release, and a special assessment of $100. 3:12-cr-56 (SRU) (docs. 15, 31). Judgment entered in the case on February 7, 2013. 3:12-cr-56 (SRU) (doc. 33). Hutchings did not file an appeal from that

judgment. He now claims that he received ineffective assistance of counsel on the basis that his attorney failed to challenge my determination that he had the requisite number of predicate offenses to qualify for the Career Offender guideline under which he was sentenced, as well as my determination that his offense of conviction qualified as a crime of violence triggering that guideline.

Section 2255(f) of Title 28 of the United States Code provides the statute of limitations for federal habeas petitions as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the present case, none of those dates falls within one year from the date that this petition was filed. The first three provisions are manifestly inapplicable: Hutchings' judgment of conviction became final on February 7, 2013, more than three years before the instant petition was filed. He has not alleged the removal of any impediment to filing a petition, nor—in light of the Supreme Court's ruling in *Beckles*—can he allege that his petition relies on a new rule of constitutional law made retroactively applicable to cases on collateral review.

Instead, Hutchings asserts that he filed this petition within one year of the date on which the facts supporting his claims could reasonably have been discovered. Hutchings' ineffective

2

assistance claims are primarily based on the facts of his prior convictions, statements and findings made on the record of his criminal case, and case law that predates the entry of judgment in that case. *See Otrosinka v. United States*, 2016 WL 3688599, at *2 (W.D.N.Y. July 12, 2016) ("[T]he discovery of case law is not a new fact for purposes of the delayed accrual of § 2255(f)(4)."); *see also Diaz v. United States*, 2014 WL 4449782, at *6 n.6 (S.D.N.Y. Sept. 10, 2014) (collecting cases holding that even court decisions articulating new law after a petitioner's conviction do not generally constitute new facts under section 2255(f)(4), or its counterpart, section 2244(d)(1)(D), unless those decisions occur in the petitioner's *own* case). Indeed, Hutchings' petition does not indicate any reason why a duly diligent person in his circumstances would not have been able to discover the facts or law supporting those arguments at the time he was sentenced. *See Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). Accordingly, Hutchings's petition was not timely filed pursuant to any of the provisions of section 2255(f), and must therefore be **denied.**

An appeal from a final order denying habeas relief under § 2255 cannot be taken unless the court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c). When, as in the present case, habeas relief is denied on procedural grounds, a certificate of appealability should be issued only if "the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hutchings cannot meet that standard—the language of section 2255(f) and substantial case law make clear that reasonable jurists would not find it debatable that his petition was untimely filed. Accordingly, a certificate of appealability will not issue. The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of May 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge